IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Carlos Zavala; Gina Manotas, | ) | Case No. 6:25-cv-13487-JDA |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Greenleaf Management, LLC; | ) | |
| Stephanie Robinson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiffs' Complaint and Amended Complaint, a Report and Recommendation ("Report") of the Magistrate Judge, and Plaintiffs' motion for emergency relief or to expedite trial. [Docs. 1; 9; 13; 22.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On December 16, 2025, the Magistrate Judge issued a Report recommending that the Court dismiss the action without further leave to amend and without issuance and service of process. [Doc. 13.] The Magistrate Judge advised Plaintiffs of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 17.] Plaintiff Gina Manotas filed objections on December 30, 2025. [Doc. 17; *see also* Docs. 21 (additional attachments); 24 (letter from Plaintiff Carlos Zavala).]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Plaintiffs filed a Complaint on November 20, 2025, and an Amended Complaint on December 15, 2025.[1] [Docs. 1; 9.] Principally, Plaintiffs allege a "fake lease was used to evict" them from a property located at 10 Monroe Street, Unit 19. [Doc. 9 at 4; *see also* Doc. 1 at 4.] Plaintiffs allege Defendant Stephanie Robinson processed the lease despite knowing that it was fake. [Doc. 9 at 4, 5.] Robinson purportedly told Plaintiffs "the lease had to be done her way in order [for Plaintiffs] to live [on the property]." [*Id.* at 5.] Plaintiffs further allege Defendant Greenleaf Management, LLC ("Greenleaf") ignored their

---

[1] The Magistrate Judge "consider[ed] the allegations contained in both the original Complaint and the Amended Complaint out of an abundance of caution and to give liberal construction to the pleadings in this case." [Doc. 13 at 2.]

complaints regarding the fake lease.  [*Id.*]  Although informed that the lease was fake, the court "didn't stop" the eviction.[2]  [Doc. 1 at 4; *see also* Doc. 9 at 4.]

---

[2] As the Magistrate Judge recounted,

> Plaintiffs . . . attached to their original Complaint two purported lease documents.  Neither lease contains any reference to either Plaintiff.  The first lease lists an agreement date of February 28, 2024, for property at 10 Monroe Street, No. 19, Greenville, South Carolina, 29601.  The Lessor is listed as Greenleaf, and the Lessee is listed as 'Jessica Perez.'  The lease term is listed as June 20, 2024, to June 19, 2025.  The second lease lists an agreement date of May 27, 2021, for property at 10 Monroe Street, No. 19, Greenville, South Carolina, 29601.  The Lessor is listed as Greenleaf, and the Lessee is listed as 'Cynthia J. Perez.'  The lease term is listed as June 20, 2021, to June 19, 2022.

[Doc. 13 at 3 (citations omitted).]

The eviction proceedings at issue occurred before the West Greenville Summary Court and were appealed to the Greenville County Court of Common Pleas.  *See* Greenville County 13th Judicial Circuit Public Index, https://www.greenvillecounty.org/scjd/publicindex/ (search by Case Nos. 2024CV2310100548 and 2024CP2302604) (last accessed May 18, 2026); [*see also* Doc. 17 at 68–74].

According to the Magistrate Return filed in the appeal,

> The Civil Case # 2024CV2310100548 was filed at the West Greenville Summary Court on April 3, 2024 by The Grove against Cynthia Perez at 10 Monroe Street, Unit 19.  This case was served on Defendant at that location.  A hearing was requested by Defendant and a court date was set for April 26, 2024 at 11:00 a.m.  Parties for each side were present and the hearing proceeded.  With the Plaintiff being represented by Lindsay Crawford, IV.  However, the Defendant that showed for court was not Cynthia Perez, it was Gina Manotas[.]
>
> Each party testified to their position in the case.  The Plaintiff's Attorney, Lindsay Crawford, presented evidence that there was a contract between The Grove and Cynthia Perez and the Defendant had not paid her rent in the amount

3

Defendants allegedly caused Plaintiffs to sustain emotional damages, physical injuries, ruined credit, debt, and homelessness.  [Doc. 1 at 5.]  The Amended Complaint also alleges Defendants were negligent with the stairs and never fixed them, causing Manotas to fall multiple times.  [Doc. 9 at 5.]  Manotas purportedly had "a big leak," but Defendants failed to "come in good timing and it [led] [Manotas] to [the] hospital."  [*Id.*]  Manotas did not receive aid for hospital bills or moving expenses associated with the leak repair.  [*Id.*]  Further, Manotas "lost [her] mind" and required treatment at a mental facility.  [*Id.*]  Plaintiffs seek $20 million in damages.  [Doc. 1 at 5; *see also* Doc. 9 at 6.]

---

of $1205.00 at the time of filing.  The contract was not between Ms. Manotas who appeared at the hearing.

Ms. Manotas said her friend was Cynthia Perez who rented the apartment for her but that the named Defendant lived in Miami, Florida and not the Grove and had never lived there with her.  Ms. Manotas also gave testimony that she had worked at the Grove along with her husband and they had both been hurt on the job and were filing appropriate lawsuits in that matter.

After hearing the testimony, and looking at the evidence and facts that I had before me, I believe that the Plaintiff, The Grove was within their legal rights as a landlord, to file the eviction and move forward on filing the WRIT to evict Cynthia Perez and All Occupants.  At no time did we keep the Defendant from speaking on issues about the eviction that was before this court.  However, we could not take testimony about pending cases that had nothing to do with the eviction. A WRIT was filed and served to Ms. Manotas in the hearing. An Appeal was filed by the Defendant and our answer is above.

Greenville County 13th Judicial Circuit Public Index, Magistrate Return, https://www.greenvillecounty.org/scjd/publicindex/ (search by Case No. 2024CP2302604) (last accessed May 19, 2026).

4

**DISCUSSION**

As stated previously, the Magistrate Judge recommends dismissing the action without further leave to amend and without issuance and service of process.[3] [Doc. 13.] Although Manotas filed lengthy objections to the Report, she has failed to engage the Magistrate Judge's analysis. [*See generally* Doc. 17.] Nevertheless, out of an abundance of caution for the pro se Plaintiffs, the Court has conducted a de novo review of the Report, the updated record (including the underlying eviction case), and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and summarily dismisses the action.

**Federal Claims**

Plaintiffs' original Complaint purports to assert claims under 42 U.S.C. § 1983. [Doc. 1 at 3.] The Amended Complaint identifies *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as the basis for Plaintiffs' claims. [Doc. 9 at 3.] As the Magistrate Judge correctly concluded, Plaintiffs have failed to establish that Defendants acted under color of state or federal law. Greenleaf is a private property management company, and Robinson is the "District or Regional Manager" of Greenleaf.[4] [Docs. 1 at 2; 9 at 2.] Thus, Plaintiffs' pleadings fail to allege Defendants are

---

[3] Plaintiffs filed this action pursuant to 28 U.S.C. § 1915, which authorizes the Court to conduct an initial review and dismiss the action if it determines that the operative complaint "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To this end, the Court is required to construe a pro se pleading liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but it need not "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[4] Additionally, Plaintiff's Amended Complaint states that Plaintiffs "want to sue the company [Greenleaf] and Stephanie [Robinson] *no law enforcements*." [Doc. 9 at 4 (emphasis added).]

state actors subject to suit under § 1983 or federal actors subject to suit under *Bivens*.

Accordingly, Plaintiffs' federal claims are subject to dismissal.

**State Law Claims**

Regarding the Amended Complaint's remaining claims for "illegal eviction, breach

of contract, emotional distress, intentional damages, neglect, harassment[,] defamation

of character," and negligence [Doc. 9 at 4, 5], Plaintiffs fail to state any plausible claim for

relief.[5] As stated previously, Plaintiffs' Complaint and Amended Complaint allege a "fake

---

[5] To the extent Plaintiffs are attempting to remove the eviction proceedings to federal court, removal is impermissible because the eviction proceedings are no longer pending. [*See* Doc. 13 at 10 (citing *Rome v. Everbank*, No. 2:13-cv-01819-CWH, 2013 WL 4505415, at *1, *10 (D.S.C. Aug. 22, 2013)).] That said, Plaintiffs do not appear to seek reinstatement of their tenancy. [*See, e.g.,* Docs. 1 at 5 (only money damages requested), 9 at 6 (same), 21 at 3 ("I'd like to move out [of] the state. . . . I'd like this settled so I can move far . . . .").] While the eviction proceedings concerned the tenant's right—or lack thereof—to occupy the premises at 10 Monroe Street, Unit 19, the present proceedings concern Plaintiffs' damages claims for Defendants' allegedly wrongful conduct in formulating and executing the terms of the lease and managing the property.

Relatedly, the undersigned declines to conclude that the *Rooker–Feldman* doctrine bars Plaintiffs' claims relating to the eviction proceedings. [*See* Doc. 13 at 12–13.] The Fourth Circuit has explained that the *Rooker–Feldman* doctrine is applicable only where a plaintiff directly challenges a state court decision. *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 718–19 (4th Cir. 2006). Although the plaintiff in *Davani* brought similar claims in federal court after losing in state court, the Fourth Circuit determined that his claims were "independent" because they sought redress for injuries caused by the defendants, not the state court. *Id.* at 719–20. Here, Plaintiffs seek money damages for alleged injuries caused by Greenleaf and Robinson. And as previously stated, Plaintiffs do not appear to seek reinstatement of their tenancy. *See DiVetro v. Hous. Auth. of Myrtle Beach*, No. 4:13-cv-01878-RBH, 2014 WL 3385163, at *3 (D.S.C. July 10, 2014) ("Here, Plaintiff claims that her injury was caused by Defendants' actions, not by the South Carolina magistrate's writ of ejectment. It follows that the *Rooker–Feldman* doctrine does not bar this action entirely. . . . [T]he doctrine is only applicable to the extent that Plaintiff seeks *reinstatement of her tenancy*."). As such, the present action does not appear to constitute a direct challenge to the state court decision.

Finally, *Younger v. Harris,* 401 U.S. 37 (1971), does not apply in the present case because the eviction proceedings are no longer pending. [*See* Doc. 13 at 13–15.]

6

lease was used to evict" Plaintiffs from a property located at 10 Monroe Street, Unit 19 [Doc. 9 at 4; *see also* Doc. 1 at 4]; Robinson processed the lease despite knowing that it was fake [Doc. 9 at 4, 5]; Robinson told Plaintiffs "the lease had to be done her way in order [for Plaintiffs] to live [on the property]" [*id.* at 5]; Greenleaf ignored Plaintiffs' complaints regarding the fake lease [*id.*]; Defendants were negligent with the stairs and never fixed them, causing Manotas to fall multiple times [*id.*]; Manotas had "a big leak," but Defendants failed to "come in good timing and it [led] [Manotas] to [the] hospital" [*id.*]; Manotas did not receive aid for hospital bills or moving expenses [*id.*]; and Plaintiffs suffered $20 million in damages [Docs. 1 at 5; 9 at 6].

### *Illegal Eviction*

Although Plaintiffs allege they were wrongfully evicted from 10 Monroe Street, Unit 19 [Docs. 1 at 4; 9 at 4], they fail to allege an attendant legal right to occupy the premises. Plaintiffs have submitted two leases in which Jessica Perez and Cynthia J. Perez, respectively, are named as lessors. [*See* Doc. 1-1.] Nowhere do Plaintiffs' names appear on the written leases. [*Id.*]; *see also* Greenville County 13th Judicial Circuit Public Index, Magistrate Return, https://www.greenvillecounty.org/scjd/publicindex/ (search by Case No. 2024CP2302604) (last accessed May 19, 2026) ("Ms. Manotas said her friend was Cynthia Perez who rented the apartment for her but that the named Defendant lived in Miami, Florida and not the Grove and had never lived there with her."). Although Plaintiffs allege the written lease used to evict them was "fraudulent" or "fake" [*see* Docs. 1 at 4; 9 at 4], they do not allege the existence of any alternative written, oral, or de facto rental agreement between the parties. Therefore, Plaintiffs' claim for illegal eviction fails on the face of the pleadings. *See* S.C. Code Ann. § 27–40–210(15) (defining "tenant" as "a

7

person *entitled under a rental agreement* to occupy a dwelling unit to the exclusion of others" (emphasis added)).

### Breach of Contract

In South Carolina, "[t]he elements for breach of contract are *the existence of the contract*, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009) (emphasis added). As explained above, Plaintiffs fail to allege that a valid rental agreement existed between the parties. [*See generally* Docs. 1; 9.] Accordingly, Plaintiffs' breach of contract claim fails.

### Intentional Infliction of Emotional Distress, Harassment, and Defamation

The Court construes Plaintiffs' claims for "emotional distress" and "intentional damages" as a claim for intentional infliction of emotional distress under South Carolina law. To make out such a claim, a plaintiff must allege:

>  (1) the defendant intentionally or recklessly inflicted severe emotional distress, or was certain, or substantially certain, that such distress would result from his conduct;
>
>  (2) the conduct was so extreme and outrageous so as to exceed all possible bounds of decency and must be regarded as atrocious, and utterly intolerable in a civilized community;
>
>  (3) the actions of the defendant caused plaintiff's emotional distress; and
>
>  (4) the emotional distress suffered by the plaintiff was severe such that no reasonable man could be expected to endure it.

*Bass v. S.C. Dep't of Soc. Servs.*, 780 S.E.2d 252, 260–61 (S.C. 2015) (internal quotation marks omitted).

8

The Court knows of no independent civil cause of action for harassment under South Carolina law.  Harassment, as defined in South Carolina Code § 16-3-1700, means "a pattern of intentional, substantial, and unreasonable intrusion into the private life of a targeted person that serves no legitimate purpose and causes the person and would cause a reasonable person in his position to suffer mental or emotional distress."  S.C. Code. Ann. § 16-3-1700(A).

"The elements of defamation include: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault on the part of the publisher; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication."  *McNeil v. S.C. Dep't of Corr.*, 743 S.E.2d 843, 848 (S.C. Ct. App. 2013) (internal quotation marks omitted).

Here, Plaintiffs' pleadings are devoid of any facts—absent general allegations of severe injury to Plaintiffs' mental wellbeing [*see* Docs. 1 at 5; 9 at 4, 5, 6]—to make out the elements of their claims.  Accordingly, Plaintiffs' claims are subject to dismissal.  *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." (internal quotation marks omitted)); *Cannady v. Polk Cnty. Jail,* No. 1:22-cv-00163-MR, 2023 WL 2394658, at *2 (W.D.N.C. Mar. 7, 2023) ("The [p]laintiff's scattershot and nonsensical allegations largely fail to set forth any identifiable claims.  The majority of [the] allegations are so vague and conclusory that they merely cite legal theories . . . or are so devoid of factual allegations that they fail to satisfy the most basic pleading requirements."), *aff'd sub nom. Cannady v. Wright,* No. 23-6258, 2023 WL 4742958 (4th Cir. July 25, 2023).

### *Neglect/Negligence*

"Traditionally, under the law of South Carolina, a landlord owes no duty to maintain leased premises in a safe condition." *Young v. Morrisey*, 329 S.E.2d 426, 428 (S.C. 1985). That said, the Landlord–Tenant Act, enacted in 1986, requires a landlord to comply with applicable housing codes materially affecting health and safety and "make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." S.C. Code Ann. § 27–40–440(a)(1) and (2). Crucially, a tenant's rights "do not arise until he has given notice to the landlord and the landlord fails to act within a reasonable time." S.C. Code Ann. § 27–40–630(d). Thus, the Landlord–Tenant Act creates a cause of action for a tenant against the landlord "for failure, *after notice*, to make necessary repairs and to do what is reasonably necessary to keep the premises in a habitable condition." *Watson v. Sellers*, 385 S.E.2d 369, 373 (S.C. Ct. App. 1989) (emphasis added). In the present case, Plaintiffs fail to allege that they provided notice to Defendants regarding the alleged defects on the property.[6] [*See generally* Docs. 1; 9; *see also* Doc. 13 at 15 ("The pleadings in this case do not contain any factual allegations from which the Court could reasonably infer that Defendants owed Plaintiffs a duty of care such that Defendants could be liable to Plaintiffs.").] Accordingly, Plaintiffs' negligence claim fails.

### *Plaintiffs' Objections and Motions*

Although Manotas's objections and attachments and Zavala's letter contain numerous additional factual allegations [*see generally* Docs. 17; 21; 24], Plaintiffs may

---

[6] As explained previously, Plaintiffs have also failed to allege that they were legal tenants of the property pursuant to a valid rental agreement.

not rely on new allegations that do not appear on the face of the pleadings absent authorized amendment of the pleadings pursuant to Rule 15 of the Federal Rules of Civil Procedure. *See Marshall v. Navy Fed. Credit Union,* No. CV 1:25-214-MGL, 2025 WL 3268287, at *2 (D.S.C. Nov. 24, 2025) ("[The plaintiff] appears to seek to rely on new allegations contained in his objections, which are absent from the face of his pleading, to defeat [the defendant's] motion to dismiss. But, the Court looks only to the allegations in the complaint to determine whether to grant or deny a motion to dismiss."); Fed. R. Civ. P. 15(a)(2).

Relatedly, the Court construes Manotas's objections to contain a request to amend the pleadings to add a retaliatory-discharge claim. [*See* Doc. 17 at 1 ("I plan to also sue for the wrongful termination. . . ."), 25.] Plaintiffs were employed by Greenleaf at the Grove Apartments. [*See, e.g.,* Doc. 17 at 1 ("We worked 2 jobs on that property. . . ."), 44 ("Gina [Manotas] and Carlos Zavala no longer work for [Greenleaf] and should not be onsite representing The Grove Apartments or [Greenleaf].").] Manotas alleges Plaintiffs were terminated because Manotas refused to deceive buyers on Defendants' behalf. [*See id.* at 1 ("I'm [suing] this company because they wanted me to deceive buyers and I refused so I started getting retaliated on, harassed and our jobs taken away on purpose to [lose] our home. We worked 2 jobs on that property and both [were] taken away [from] both of us. Then locked out of our account to not pay it, and fall into eviction. . . . They harassed us, lied with false information to wrongfully let us go. I plan to also sue for the wrongful termination and retaliating against us because we didn't want to lie or deceive the new buyers."), 25 ("[T]hey wanted me to lie and I [chose] not to be part [o]f that and

11

that's when the problems started because they lost the deal.").]

The Court denies the motion to amend because Plaintiffs have failed to submit a proposed amended complaint that is complete in itself. *See Tucker v. Price*, No. 4:22-cv-1861-MGL-MHC, 2023 WL 10449206, at *1 (D.S.C. Jan. 24, 2023) (denying a motion to amend the complaint based on the plaintiff's failure to file a proposed amended complaint and stating that "[a] plaintiff may not amend a complaint in piecemeal fashion by merely submitting additional factual allegations" and an amended complaint "should be complete in itself" (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 15(a)(2).

Finally, Manotas has filed a motion for emergency relief or to expedite trial. [Doc. 22; *see also* Doc. 21.]  Manotas claims that she "recently had a [deranged] man try to kill" her by ramming into her car, and she "feel[s she is] being targeted." [Doc. 21 at 2.] A plaintiff seeking emergency relief must establish: (1) that she is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  As discussed above, Plaintiffs have not shown they are likely to succeed on the merits of their claims. Further, Manotas merely speculates that the alleged vehicular incident relates to her claims before this Court, but she offers no concrete evidence of correlation.  [*See* Doc. 21 at 2 ("I'd like to report this . . . *just in case* I'm being targeted." (emphasis added)).] Accordingly, the Court denies the motion.

## <u>CONCLUSION</u>

Based on the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified.  Plaintiff's Complaint and Amended Complaint [Docs. 1; 9]

are DISMISSED without prejudice and without issuance and service of process.  Further,

Plaintiff's motion for emergency relief or to expedite trial [Doc. 22] is DENIED.

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

May 21, 2026
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules

3 and 4 of the Federal Rules of Appellate Procedure.